JNO. T. ELDER & OTHERS *v*. SISTERS OF LORETTO.

Descent and Distribution—Education of Children—Devisees.

>   A testator devised his estate to his wife in trust for herself and children. One of the children devised her share to a society. Held, that the mother would be entitled to use the proceeds of the estate and portions of same, if necessary, to the education and maintenance of the children, and the society could only come in for their share of the residue.

*APPEAL FROM BRECKINRIDGE CIRCUIT COURT.*

January 31, 1872.

OPINION OF THE COURT BY JUDGE PRYOR:

Carter at his death left an estate valued at about six thousand dollars. By his will the property was held by his wife in trust for herself and children during her widowhood—she never married. Her daughter, Modista Jane Carter, died before the mother, leaving a will by which she devised her estate to a society called the *Sisters of Loretto*. Mrs. Carter, after the death of her husband, seems to have managed the estate left her with much judgment and economy and not only maintained her children, eight in number, well, but gave them good education. She seems to have accumulated some money by selling her husband's lands and a part of the negroes, and a part of this money was applied to the purchase of a small farm, and the proceeds of which is the subject of this controversy.

After her death this farm purchased by her was sold upon the petition of all her children as well as the Sisters of Loretto, whose claim to an interest in this land must then have been recognized by the appellants. After the sale, however, the appellants refused to permit the appellees to share in any part of the estate left by Mrs. Carter upon the assumption that it was her, Mrs. Carter's, estate, and not that devised to her in trust by her husband or its proceeds.

The original suits brought by the appellees are based upon the idea that it was Mrs. Carter's own estate, but by amended plead-

ings they charge that it was the estate devised in trust by the husband or the proceeds of that estate.

The children of Carter, who must have known all about the manner of holding this property, united with them as plaintiffs, the Sisters of Loretto, in a petition for the sale of the mother's land. It was evidently done for the reason that they regarded them as interested in the property by reason of the will of their deceased sister. The proof shows, however, that the mother expended much of the proceeds of the, sale of the property in the education of her children. The daughter, Modesta, had united herself with the Sisters of Loretto and so far as appears from the record contributed nothing in aiding to accumulate the means out of which the family were supported and the children educated.

The land owned by the father was sold for only seven hundred and fifty dollars, all the slaves were emancipated except one that had been sold for $1,000. The father of Mrs. Carter gave her six hundred dollars and this money was doubtless invested in the land. She could not have educated her daughters as she did at boarding school, clothe and support herself and eight children upon this small estate, and then have much surplus left of the annual profits. The proof tends to show also that her daughter, Modista, had received more than the other children and whether she did or not she certainly never contributed in any way to aid in the accumulation of the estate.

This fund the mother derived from her father ought not to be given to those who were entire strangers to her, and had no claims whatever on her bounty. The six hundred dollars paid by the mother should be first deducted from the gross amount as fixed by the chancellor, viz., the sale bonds at the date of maturity, and then a judgment in favor of the appellees for their interest in the remainder of the purchase money. This will reduce the amount of damages also on the dissolution of the injunction to the extent that judgment is reversed.

The judgment is reversed and cause remanded for further proceedings consistent with this opinion.

*Walker, Sweeney & Stuart, for appellants.*
*Kincheloe & Eskridge, for appellees.*